■ In the Matter of SOUTHERN CLARKSTOWN CIVIC ASSOCIATION, INC., Appellant, v CHARLES HOLBROOK, as Supervisor of the Town of Clarkstown, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Clarkstown dated December 6, 1989, which rezoned property owned by the respondents Pyramid Company of Rockland and Clinton Square Plaza Inc. from a light industrial office district to a major regional shopping district, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Meehan, J.), dated January 8, 1990, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner, a local civic association, seeks to annul a resolution of the respondent Town Board of the Town of Clarkstown, which, after years of exhaustive proceedings, granted a zoning change of the subject property to enable its owners to build a regional shopping and community center to be known as the "Palisades Center". The gravamen of the challenge is that the Town Board failed to comply with the substantive and procedural requirements of the State Environmental Quality Review Act (ECL art 8) and its implementing regulations (6 NYCRR part 617). However, we agree with the Supreme Court's conclusion that the Town Board identified the relevant areas of environmental concern, took a "hard look" at them and made a "reasoned elaboration" for the basis of its determination (see, Matter of HAR Enters. v Town of Brookhaven, 74 NY2d 524; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400).

We have examined the petitioner's remaining contentions and find them to be without merit. Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.